# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WATSON, an individual, dba Ron Watson, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JASON CLEMENS, an individual; ZANE HOVEY, an individual; ZAON FLIGHT SYSTEMS, INC, an unknown business entity; SURECHECK AVIATION, INC., a Texas Corporation, qualified to do business in the State of California and DOES 1-20, inclusive.<br><br>Defendants. | Case No. 07 CV 0660 BTM (RBB)<br><br>**PROTECTIVE ORDER**<br><br>**THE HONORABLE RUBEN B. BROOKS**<br>UNITED STATES MAGISTRATE JUDGE<br>(Courtroom B) |

## I.   INITIAL STATEMENT

**WHEREAS**, documents and/or information exchanged or produced in this case may contain personal, confidential and/or proprietary information; and,

**WHEREAS**, a protective order is warranted and required to prevent and/or limit disclosure of confidential and/or proprietary information and/or documents that may be exchanged and/or produced in this case,

## DEFINITIONS

As used herein, the following terms shall have the meaning and significance set forth:

1. "ACTION" shall mean and refer to the above-captioned lawsuit.

2. "CONFIDENTIAL MATERIAL" shall mean all DOCUMENT(S) containing information considered reasonably and in good faith by the disclosing PARTY or other disclosing PERSON (in the case of a production of CONFIDENTIAL MATERIAL by a non-PARTY) to contain confidential, proprietary and/or trade secret information. All such material shall be treated as confidential pursuant to the terms of this PROTECTIVE ORDER by stamping or affixing thereon the word "CONFIDENTIAL." Stamping the word "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document, and any information contained therein, as confidential under the terms of this PROTECTIVE ORDER. Testimony taken at a deposition, conference or hearing may be designated as "CONFIDENTIAL" by making a statement to that effect on the record at the deposition or other proceeding and in that event arrangements shall be made with the court reporter or other appropriate PERSON taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" and to label such portions immediately. DOCUMENT(S) and/or information obtained, gleaned or otherwise derived from CONFIDENTIAL MATERIAL shall be treated as "CONFIDENTIAL" depending on the designation of the original CONFIDENTIAL MATERIAL, by any and all PARTIES and PERSONS obtaining such DOCUMENT(S) and/or information in accordance with the terms of this PROTECTIVE ORDER.

3. "DOCUMENT(S)" include, but is/are not limited to, a handwriting, typewriting, printing, photostating, photographing, photocopying, transmission by electronic mail or facsimile, and/or every other means of recording upon any tangible thing, any form of communication or representation, including, but not limited to, letters, words, pictures, sounds,

symbols, reports, memoranda, e-mails, correspondence, resumes, applications, desk calendars, pocket calendars, day-timers, and handheld computer calendars, tapes, tape recordings, computer discs of any kind (including, but not limited to, floppy discs, CDs, DVDs, external drives, flash memory drives a/k/a thumb drives, and/or any other form of device used to store electronic data), telegrams, contracts, notes, books, financial records, drafts, records, maps, drawings, photographs, testimony, discovery responses, or combinations of any of the foregoing, and any record thereby created, regardless of the manner in which the record has been stored (including any copies of all such DOCUMENTS where such copy contains any commentary, notation, mark or matter of any kind whatsoever that does not appear on the original).

4. "PERSON" shall mean the singular as well as plural, and shall mean and refer to any firm, association, company, corporation, partnership (of whatever kind), natural person or any other form of legal entity unless the context specifically indicates otherwise.

5. "PROTECTIVE ORDER" shall mean this Protective Order in such form and at such time as it is approved and entered by the Court in response to the PARTIES' request and submission.

6. "QUALIFIED PERSON" shall mean the singular as well as plural, and shall mean and refer to the following:

(i) Outside counsel of record for a PARTY and regular and temporary employees and independent contractors of such counsel assisting in the conduct of the ACTION, including employees of any firm retained to reproduce the CONFIDENTIAL MATERIAL for use in accordance with this PROTECTIVE ORDER;

(ii) The PARTIES and employees of any PARTY who are required to assist outside counsel of record in the conduct of the ACTION;

(iii) Officers, directors, agents, managing agents, shareholders, principals, partners (of any type), affiliates, employers, employees, and representatives of PARTIES who are noticed for deposition and/or designated as trial witnesses and any other PERSON noticed for deposition and/or designated as a trial witness to the extent necessary, for the witness(es)' testimony and/or preparation for testimony;

    (iv)  Deponents and their respective counsel, if any, during the course of depositions taken in the ACTION and court reporters and any other PERSON responsible for preparing transcripts of depositions.

    (v)  The Court and Court personnel.

    (vi)  Any other PERSON ordered by the Court, or upon stipulation of the producing PARTY or PERSON (in the case of a production of CONFIDENTIAL MATERIAL by a non-PARTY).

## **TERMS OF THE PROTECTIVE ORDER**

  7.  This PROTECTIVE ORDER shall govern all CONFIDENTIAL MATERIAL voluntarily produced by any PARTY or PERSON (in the case of a production of CONFIDENTIAL MATERIAL by a non-PARTY) or pursuant to order of the Court.  A PARTY may not designate information or DOCUMENT(S) as CONFIDENTIAL which, regardless of the location of such information or DOCUMENT(S) (*e.g.*, on a computer), all PARTIES agree belongs exclusively to another PARTY which is not seeking to designate such information or DOCUMENT(S) as CONFIDENTIAL MATERIAL.  In the event of a dispute as to whom information or DOCUMENT(S) exclusively belong, a PARTY may designate such information or DOCUMENT(S) as CONFIDENTIAL MATERIAL pursuant to the terms of this PROTECTIVE ORDER, and thereafter any PARTY may challenge such designation as provided for herein.

  8.  DOCUMENT(S) or information marked as "CONFIDENTIAL" may be used in accordance with this PROTECTIVE ORDER ***only*** by a QUALIFIED PERSON for the purposes of the ACTION between or among the PARTIES and for no other purpose, and shall not be used by such QUALIFIED PERSON in any business affairs of such QUALIFIED PERSON's employer or in such QUALIFIED PERSON's own affairs or be imparted by such QUALIFIED PERSON to any other PERSON.  Before such disclosure is made, each QUALIFIED PERSON to whom disclosure is to be made (with the exception of the Court and its personnel) shall sign and deliver to counsel for the designating PARTY, pursuant to Paragraph 13, below, a Non-Disclosure Agreement in the form of Attachment "A" hereto.

9. DOCUMENT(S) or information marked as "CONFIDENTIAL" shall be used solely in connection with the preparation or defense of the ACTION between or among the PARTIES only (including court hearings, trials, appeals and retrials), and shall not be used for any other purpose, including business, governmental, commercial, administrative or judicial proceedings, and shall not be made available, without a Court order or service of a lawfully issued subpoena or other valid process, to any PERSON making a request for such "CONFIDENTIAL" DOCUMENTS(S) or information. In the event that any PARTY or PERSON subject to the terms of this PROTECTIVE ORDER is served with a lawfully issued subpoena or other valid process calling for the production of "CONFIDENTIAL" or information produced by another PARTY or PERSON, then the PARTY or PERSON served with the lawfully issued subpoena or other valid process shall, within three (3) calendar days of such service upon them, notify via e-mail and facsimile the PARTY (through counsel) or PERSON who produced such "CONFIDENTIAL" DOCUMENTS(S) or information in order to enable the producing PARTY or PERSON to seek all appropriate relief to prevent the production of DOCUMENTS(S) or information pursuant to the lawfully issued subpoena or other valid process.

10. If a PARTY inadvertently produces or provides CONFIDENTIAL MATERIAL without designating it "CONFIDENTIAL" as provided for in this PROTECTIVE ORDER, the producing PARTY shall promptly give written notice via e-mail and facsimile to the receiving PARTY that the CONFIDENTIAL MATERIAL is so designated as "CONFIDENTIAL" must be treated as such in accordance with the terms of this PROTECTIVE ORDER. The receiving PARTY shall treat such material as "CONFIDENTIAL" from the date that such written notice is provided. Prior to receipt of such written notice, disclosure of such CONFIDENTIAL MATERIAL to PERSONS not authorized to receive such CONFIDENTIAL MATERIAL pursuant to the terms of this PROTECTIVE ORDER shall not be deemed a violation of this PROTECTIVE ORDER; however, those PERSONS to whom disclosure of such CONFIDENTIAL MATERIAL was made are to be advised immediately that the CONFIDENTIAL MATERIAL disclosed to them is confidential and originals and copies thereof

1  must be treated in accordance with the terms of this PROTECTIVE ORDER including, if
2  necessary, the return of all originals and copies of such CONFIDENTIAL MATERIAL to
3  counsel from whom it was obtained.

4      11.    Counsel for any PARTY may, at any time, serve (via e-mail and facsimile to
5  counsel for all PARTIES) a written objection to the designation of any material as
6  "CONFIDENTIAL." The objection submitted shall set forth completely the basis for
7  challenging the CONFIDENTIAL MATERIAL designation. Within 3 calendar days of service
8  via e-mail and facsimile of such an objection,[1] the PARTIES shall meet and confer in an attempt
9  to resolve the dispute arising from the objection. If after such meeting the dispute remains
10 unresolved, any PARTY may file a noticed motion with the Court for an order that the
11 DOCUMENT(S) or information designated as "CONFIDENTIAL" should not be treated as
12 CONFIDENTIAL. Any CONFIDENTIAL MATERIAL identified in any such noticed motion
13 shall be lodged with the Court *under seal* so as to ensure that such CONFIDENTIAL
14 MATERIAL is not made public or otherwise made publicly available as a result of its filing with
15 the Court or at any time. The PARTY asserting that the DOCUMENT(S) or other information is
16 CONFIDENTIAL MATERIAL shall have the right to oppose such a motion, and shall have the
17 burden of proof. The Court will then decide the issue. Pending a final resolution of any
18 objection or Court action respecting the designation of any DOCUMENT(S) or other information
19 as "CONFIDENTIAL", the DOCUMENT(S) and/or information in question and/or the subject
20 of such motion shall be treated as CONFIDENTIAL MATERIAL in accordance with its original
21 designation made by the disclosing PARTY or PERSON.

22     12.    Prior to receiving any CONFIDENTIAL MATERIAL, any PARTY or PERSON
23 entitled under this PROTECTIVE ORDER to receive such information shall be provided by the
24 PARTY sponsoring disclosure to such PERSON with a copy of this PROTECTIVE ORDER and
25 shall require that the PERSON execute a Non-Disclosure Agreement in the form of Attachment

---

[1] If such written objection is served via e-mail and facsimile after 5:00 p.m. on a week-day (i.e., facsimile transmission is *completed* after 5:00 p.m.), or if such written objection is served via e-mail and facsimile on a Saturday, Sunday, officially recognized Federal or California court holiday, then the written objection will be deemed to have been actually served as of the next court day after its service.

1  "A" hereto. Counsel for the PARTY sponsoring disclosure to such PERSON shall retain the
2  original of such executed Non-Disclosure Agreement and subsequently provide a true and
3  correct copy of it to counsel of record for all other PARTIES at such time as that PERSON is
4  noticed or subpoenaed for deposition or identified as a witness, for trial or otherwise, in
5  connection with the ACTION. An e-mail or facsimile signature may be used on any executed
6  Non-Disclosure Agreement and shall be considered an original signature. The original of each
7  executed Non-Disclosure Agreement shall be retained by counsel who has made a disclosure of
8  "CONFIDENTIAL" information pursuant to this PROTECTIVE ORDER and, if not produced
9  earlier in accord with the foregoing provisions of this Paragraph, a true and correct copy of such
10 original shall be produced to counsel for all PARTIES within two (2) calendar days of written
11 demand by counsel for any PARTY, specifically identifying by name the PERSON whose Non-
12 Disclosure Agreement is sought.

13       13.    Any PARTY may, on the record at a deposition or by written notice to counsel for
14 all PARTIES no later than ten (10) calendar days after the deposition transcript is received by the
15 designating PARTY, designate any portion of the deposition testimony or any DOCUMENT(S)
16 or information used, referenced or marked as an exhibit during the deposition as
17 "CONFIDENTIAL" under the terms of this PROTECTIVE ORDER. Until the end of such ten
18 (10) calendar day period, the deposition transcript, the DOCUMENT(S) and information
19 contained therein, and deposition exhibits will be deemed for all purposes to be
20 "CONFIDENTIAL" in their entirety under the terms of this Protective Order. Thereafter, only
21 those portions of the deposition testimony or any DOCUMENT(S) or information used,
22 referenced or marked as an exhibit actually designated as "CONFIDENTIAL" shall be so
23 treated, except that all copies of deposition transcripts that contain CONFIDENTIAL
24 MATERIAL shall be prominently marked "CONFIDENTIAL" on the cover thereof.

25       14.    Counsel for a PARTY may show "CONFIDENTIAL" DOCUMENTS(S) or
26 information to a witness at a deposition and examine that witness concerning the same.
27 However, at any time during such examination (including, but not limited to the commencement
28 of such examination), counsel for any PARTY may inquire as to whether the witness and his/her

1 counsel, if any, agree to be bound by the terms of this PROTECTIVE ORDER and whether the
2 witness and his/her counsel, if any, will sign the Non-Disclosure Agreement in the form of
3 Attachment "A" hereto.  If either the witness or his/her counsel refuse either to be bound by the
4 terms of this PROTECTIVE ORDER or to sign a Non-Disclosure Agreement in the form of
5 Attachment "A" hereto, then neither the witness nor his counsel, if any, may be given any copy
6 of the "CONFIDENTIAL" DOCUMENTS(S) or information, including, but not limited to, a
7 copy of any pages of the transcript of the deposition that are designated "CONFIDENTIAL."  In
8 the event of such refusal by the witness or his/her counsel, and election in spite of such refusal
9 by counsel conducting any examination of such witness to introduce "CONFIDENTIAL"
10 DOCUMENT(S) or information in such examination, the court reporter shall be instructed to
11 give the witness written notice when the transcript has been prepared and is ready for review,
12 stating that the witness may inspect the transcript and its exhibits only in the reporter's office,
13 and that if the original deposition transcript is not signed within thirty (30) days after the date of
14 such notice (or such other period of time agreed upon by counsel for all PARTIES attending the
15 deposition) the transcript will be deemed signed by the witness and it may be used at any time
16 and for any purpose in the ACTION consistent with the terms of this PROTECTIVE ORDER.
17 The witness or other PERSON who refuses to execute a Non-Disclosure Agreement as provided
18 herein shall not be allowed to copy or obtain from the court reporter, any PARTY or other
19 PERSON a copy of such portions of the deposition transcript or exhibits that have been
20 designated as "CONFIDENTIAL."
21         15.    When "CONFIDENTIAL" DOCUMENT(S) and/or information is presented,
22 quoted, referenced or otherwise used in any deposition, hearing or other proceeding, counsel for
23 the PARTY who wishes to present, quote, reference or otherwise use such CONFIDENTIAL
24 MATERIAL shall make arrangements or, when appropriate, request the Court to make
25 arrangements, to ensure that only the QUALIFIED PERSONS pursuant to this PROTECTIVE
26 ORDER are present during such presentation, quotation, reference or use and the record of any
27 such hearing or proceeding shall be maintained in accordance with the terms of this
28 PROTECTIVE ORDER.  The application of this Paragraph is limited to pretrial proceedings.  At

or before trial, the PARTIES will discuss with the Court what procedures shall be used at the trial of the ACTION to protect the confidentiality of any CONFIDENTIAL MATERIAL sought to be admitted into evidence that has been determined by the Court or agreed upon by the PARTIES to be CONFIDENTIAL MATERIAL.

16. Notwithstanding any other provision in this protective order, no items will be filed under seal without a prior application to, and order from, the judge presiding over the hearing or trial.  Only when the judge presiding over the hearing or trial permits filing an item or items under seal may confidential material filed with the Court be filed in a sealed envelope or other container marked on the outside with the caption of this action and the following statement:

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

If any person fails to file protected documents or information under seal, any party to this lawsuit may request that the Court place the filing under seal.

Whenever the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information shall be filed and made part of the public record.  The item may be redacted to eliminate confidential material from the public document.  The public document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and redacted documents shall be filed simultaneously.

17. Nothing in the PROTECTIVE ORDER shall be construed as requiring disclosure of DOCUMENT(S), information or any other materials that are privileged in nature, or subject to the attorney-client privilege or the attorney work-product doctrine, and/or DOCUMENT(S), information or other materials that are, or may be claimed to be, otherwise beyond the scope of permissible discovery.

18. The production of DOCUMENT(S) or information by any PARTY or PERSON pursuant to this PROTECTIVE ORDER shall in no way constitute a waiver of any objection to the relevance, authenticity, admissibility or use of said DOCUMENT(S) or information in any proceedings in the ACTION.

19. This PROTECTIVE ORDER shall have no effect upon, and its scope shall not extend to, any PARTY's use of its own CONFIDENTIAL MATERIAL.

20. In the event additional PERSONS become PARTIES to this litigation, they shall not have access to CONFIDENTIAL MATERIAL produced by or obtained from any other PARTY or PERSON (in the case of a production of CONFIDENTIAL MATERIAL by a non-PARTY) until the newly joined PARTY agrees in writing to be bound as a PARTY to the terms of this PROTECTIVE ORDER.

21. In the event any PARTY or PERSON violates or threatens to violate any term of this PROTECTIVE ORDER, any PARTY may seek immediate injunctive relief against any such PARTY or PERSON violating or threatening to violate any term of this PROTECTIVE ORDER.

22. Within thirty (30) calendar days following the final termination of litigation, including the exhaustion of all applicable appeals, by and among the PARTIES, counsel for any PARTY who received CONFIDENTIAL MATERIAL from any other PARTY or PERSON shall return all CONFIDENTIAL MATERIAL, including copies thereof, to the producing PARTY or PERSON, or certify by sworn declaration that all such CONFIDENTIAL MATERIAL and copies thereof in such PARTY'S possession, custody or control have been destroyed and cannot be retrieved by any means. Counsel of record for each PARTY only may retain only one (1) copy of the CONFIDENTIAL MATERIALS attached to any pleading filed with the Court. Unless otherwise ordered by the Court, the final termination of litigation in this case shall not relieve any PARTY or PERSON to whom CONFIDENTIAL MATERIAL has been disclosed from the obligations of this PROTECTIVE ORDER, all of which shall survive the termination of litigation. The Court shall retain jurisdiction over all PARTIES and PERSONS who received CONFIDENTIAL MATERIAL for the purpose of enforcing the provisions of the PROTECTIVE ORDER after the ACTION is otherwise terminated, making such rulings and entering such orders as may be necessary to compel compliance and impose sanctions, as the Court, solely in its discretion, shall determine.

23. Nothing contained in (i) this PROTECTIVE ORDER; (ii) the production of any information or DOCUMENT(S) under the terms of this PROTECTIVE ORDER; and/or (iii) any

1  proceedings conducted pursuant to this PROTECTIVE ORDER shall be deemed to have the
2  effect of an admission by any PARTY, or of altering the alleged confidentiality or non-
3  confidentiality of any information or DOCUMENT(S) produced pursuant to the terms of this
4  PROTECTIVE ORDER.

## ORDER

6        The Court hereby orders the entry of the PROTECTIVE ORDER on the terms and
7  conditions provided for above.

8        **IT IS SO ORDERED.**

10  Dated: June 17, 2008

                                       THE HONORABLE RUBEN B. BROOKS
                                       UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT "A" TO PROTECTIVE ORDER
# NON-DISCLOSURE AGREEMENT AND AGREEMENT TO BE BOUND

I, _____ *[print or type full name]*, of _____ _____; (_____) _____-_____ *[print or type full address and telephone number]*, hereby declare that I have read in its entirety and fully understand the foregoing PROTECTIVE ORDER that was issued by the United States District Court for the Southern District of California in the case of *Ronald Watson, etc. v. Jason Clemens, et al.*, United States District Court (Southern District of California) Case No. 07 CV 0660 BTM (RBB).

I hereby agree to comply fully with and be bound by all the terms of the PROTECTIVE ORDER, and I promise that I will not disclose in any manner or fashion any information or DOCUMENT(S) that is/are subject to the PROTECTIVE ORDER, except in strict compliance with the provisions of the PROTECTIVE ORDER.

I fully understand that if I violate any provision of the PROTECTIVE ORDER, I will be subject to sanctions by the Court. I agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of the PROTECTIVE ORDER, even if such enforcement proceedings occur after termination of the action identified above.

I hereby appoint _____ *[print or type full name]*, of _____ _____; (_____) _____-_____. *[print or type full address and telephone number]* as my California agent for service of process in connection with this action or any proceeding related to enforcement of the PROTECTIVE ORDER.

///

///

1       I hereby declare under penalty of perjury under the laws of the United States of America
2 and the State of California that the foregoing is true and correct of my own personal knowledge.
3       Executed on _____ *[print date signed]*, at
4 _____, _____ *[print City and*
5 *State where signed].*

                                    _____
                                                 *(Signature)*

                                    _____
                                        *(Print or Type Name)*